Receipt # 067731

**ORIGINAL**

THE UNITED STATES COURT OF FEDERAL CLAIMS

FILED
FEB 29 2008
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| LOST TREE VILLAGE CORPORATION<br>Financial Plaza at MacArthur Ctr.<br>799 PGA Boulevard, Suite 260<br>Palm Beach Gardens, Fla. 33410,<br><br>            Plaintiff,<br><br>      v.<br><br>THE UNITED STATES OF AMERICA,<br><br>            Defendant. | No. **08-117 L**<br><br>Judge _____ |

## COMPLAINT

Plaintiff Lost Tree Village Corporation ("Lost Tree"), through its undersigned counsel, brings this action against defendant The United States of America ("United States" or "government"), and alleges the following:

### NATURE OF THIS ACTION

1. This is an action for just compensation for the taking of real property known as John's Island Plat 57 (the "Property") owned by Lost Tree and located on Johns Island, in Indian River County, near the town of Vero Beach, Florida.

2. The taking occurred on August 9, 2004, when the U.S. Army Corps of Engineers denied Lost Tree's application under Section 404 of the Clean Water Act for a wetlands fill permit for the Property.

3. The denial of that permit application eliminated all economically viable use of the Property, and as a result, the government is liable to pay Lost Tree just compensation in the amount of the fair market value of the Property on August 9, 2004 absent the taking, plus interest.

## PARTIES

4. Lost Tree is a corporation organized and existing under the laws of the State of Florida.

5. The United States is a sovereign government that is bound to honor the requirements of the Fifth Amendment to the U.S. Constitution.

6. The U.S. Army Corps of Engineers is an agency of the United States, and at all times relevant to this action has been acting on behalf of the United States.

## FACTS

7. The Property is a parcel of real property consisting of approximately 5 acres, with .6 acres of upland, 3 acres of wetlands and 1.4 acres of submerged land.

8. Lost Tree has owned the Property since prior to 1972.

9. At no time has the Property been suitable for development in conjunction with any other parcel or parcels of real property owned by Lost Tree.

10. The economic expectations of Lost Tree with respect to the Property have always been entirely separate and distinct from Lost Tree's economic expectations associated with any other parcel(s) of real property owned by Lost Tree. Indeed, until approximately 2001 or later, Lost Tree did not have any economic expectations regarding the Property.

11. Prior to approximately 2001, Lost Tree never had planned to develop the Property, either alone or in conjunction with any other parcel(s) owned by Lost Tree.

12. In or about 2001, Lost Tree decided to attempt to develop the Property on a stand alone basis, unrelated in any way to the development of any other parcel(s) owned by Lost Tree.

13. In so developing the Property, Lost Tree's objective was to obtain all necessary federal, state and local permits and approvals, and to perform all appropriate engineering and other work, to ready the Property for sale as a lot on which a residential home could be built.

14. In order to develop the Property, Lost Tree required various permits and approvals from various governmental agencies, including a Section 404 wetlands fill permit from the U.S. Army Corps of Engineers.

15. On or about August 22, 2002, Lost Tree submitted to the U.S. Army Corps of Engineers an application for a Section 404 wetlands fill permit for the Property.

16. As of August 9, 2004, Lost Tree had obtained all governmental permits and approvals, except the Section 404 wetlands fill permit, and had performed or was ready and able to perform all appropriate engineering and other work, necessary to allow the Property to be sold as a lot on which a residential home could be built.

17. On August 9, 2004, the U.S. Army Corps of Engineers denied Lost Tree's application for a Section 404 wetlands fill permit for the Property.

18. That denial of that permit application eliminated all economically viable use of the Property.

19. As of August 9, 2004, if Lost Tree had obtained, in addition to the governmental permits and approvals that it did obtain, the Section 404 wetlands fill permit for which it applied, the Property would have had a fair market value of several millions of dollars.

20. The government has not paid Lost Tree any compensation for the Property.

## COUNT I

(Categorical, or "per se" taking)

21. Lost Tree repeats and realleges the allegations of paragraphs 1 through 20 above.

22. As a result of the foregoing, the government has committed a categorical, or "per se" taking of the Property without payment of just compensation.

23. As a result of the foregoing, the government is liable to pay Lost Tree just compensation in the amount of the fair market value of the Property on August 9, 2004, absent the taking, plus interest on that amount from that date to the date of payment.

## COUNT II

(Non-categorical taking)

24. Lost Tree repeats and realleges the allegations of paragraphs 1 through 23 above.

25. As a result of the foregoing, the government has committed a non-categorical taking of the Property without payment of just compensation.

26. As a result of the foregoing, the government is liable to pay Lost Tree just compensation in the amount of the fair market value of the Property on August 9, 2004 absent the taking, plus interest on that amount from that date to the date of payment.

## PRAYER FOR RELIEF

Accordingly, Lost Tree demands relief and judgment as follows:

On Count I, for just compensation in the amount of the fair market value of the Property on August 9, 2004 absent the taking, plus interest on that amount from that date to the date of payment;

On Count II, for just compensation in the amount of the fair market value of the Property on August 9, 2004 absent the taking, plus interest on that amount from that date to the date of payment;

On both Counts, for all reasonable attorneys' fees, litigation expenses and costs incurred by Lost Tree in this action, in accordance with 28 U.S.C. § 4654(c);

On both Counts, for such other and further relief as the Court deems just and proper.

Dated: February 29, 2008

Respectfully submitted,

Jerry Stouck
Greenberg Traurig, LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
(202) 331-3173 phone
(202) 261-4751 facsimile

Counsel of Record for
Plaintiff Lost Tree Village Corporation

5