IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOST TREE VILLAGE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-117 |
| | ) | |
| v. | ) | Judge Lettow |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | Electronically filed May 12, 2008 |
| | ) | |
| Defendant. | ) | |

CORRECTED MOTION TO REQUIRE RESPONSE TO COMPLAINT ON DATE CERTAIN 30 DAYS FROM NOW, WHICH IS MORE THAN 90 DAYS AFTER COMPLAINT WAS FILED, VERSUS THE MORE THAN 120 DAYS AFTER FILING THAT DEFENDANT SEEKS TO TAKE WITHOUT NOTICE TO THE COURT OF ANY GOOD CAUSE,
AND REQUEST FOR EXPEDITED CONSIDERATION[1]

Plaintiff Lost Tree Development Corporation ("Lost Tree") respectfully moves the Court for an Order directing the government to answer or otherwise respond to the complaint in this action not later than June 11, which is thirty days from the filing of this motion, and more than 90 days from the filing of Lost Tree's complaint.. Lost Tree also respectfully requests expedited consideration of this motion, including that the Court direct the government to respond to this motion within seven days, so that the relief Lost Tree requests – a response to the complaint with in 30 days – will not become moot or substantially less practicable. The grounds for this motion are set forth below.

BACKGROUND

Lost Tree filed this action, seeking just compensation for the taking of real property arising from the denial of a federal permit, on February 29, 2008. *See*

[1] Plaintiff Lost Tree has filed this corrected motion because the motion as originally filed contained a typographical error (noted below) that significantly misstated one of the conversations reported herein. After receiving an email noting the error from government counsel, the undersigned has corrected that typo and made a couple of other changes based on statements in that email.

Complaint; Docket Sheet. According to an explicit entry on the docket sheet, which the undersigned counsel consulted soon after filing the suit, the government's answer was due 60 days after docketing, or May 1, 2008.

No answer or other response to the complaint was filed by May 1, and none has been filed since. Last Wednesday, May 7, the undersigned called Marc Smith, whom the undersigned knows to have supervisory responsibility at the Department of Justice for cases of this type, to inquire about the delay. Mr. Smith's voicemail stated he was out of this office until today, May 12, and in his absence callers could try to reach Susan Cook or Jim Gette, numbers for whom were provided on Mr. Smith's voicemail message. The undersigned then, still on May 7, called Ms. Cook, who is also known to him. She stated on the phone that she was leaving for vacation the next day, that her initial check indicated her office had no record of the case, and she would get back to me with further information before she left on vacation. During the phone call with Ms. Cook, the undersigned emailed her a copy of Lost Tree's complaint together with the Court's docket sheet showing the complaint had been filed February 29. Around 9 pm that evening (May 7), the undersigned received an email from Ms. Cook, stating that although she "had not located any record of the case," . . . "there were many things that could not yet be checked and will have to wait until tomorrow." Ms. Cook's email referred the undersigned to Mr. Gette, and stated that he "will be following up on this on Thursday, and someone will be in touch with you once we get things sorted out."

Two days later, on Friday afternoon, May 9, not having heard from Mr. Gette, the undersigned called him. Mr. Gette stated that the government was taking the position they were never served with the complaint. When the undersigned indicated he was not eager to wait another 60 days for a response, Mr. Gette suggested taking the matter up with Mr. Smith on his return May 12, today.

The undersigned did that, and Mr. Smith today confirmed that the government was taking the position they were never served, indicated that they had already consulted with this Court's Clerk's office about getting a service copy of the complaint, and stated that the government would requesting the full 60 days provided in the Rules – from what date Mr. Smith did not say – to respond to the complaint.

During the conversation with Mr. Smith, the undersigned noted that this Court's Rule 4(c) provides: "At the time the clerk serves a complaint, the clerk shall enter the fact of service on the docket, and such entry shall be prima facie evidence of service." The undersigned observed that the docket sheet in this case did not contain any explicit entry of "the fact of service," and asked Mr. Smith whether he knew if that was the Court's general practice. Mr. Smith stated, in substance, that he did not believe that the docket sheet in this case differed from those in other cases, but he was "100% sure" the government had never been served in this case.[2]

The undersigned then called the Acting Clerk of Court, Mr. John Buckley, explained the foregoing, and asked Mr. Buckley if he could provide any further relevant information. Mr. Buckley called back and said, in substance, that upon inquiry of the responsible individual(s), his office was not doing everything they should be doing under Rule 4(c), specifically not noting the fact of service on docket sheets. Mr. Buckley expressed a desire and intent to rectify such omissions in the future. In response to the undersigned's question, Mr. Buckley stated his office had no way to know whether or not the government was served with the complaint in this case.

[2] In the original version of this motion, before this corrected copy was filed, this sentence reported that Mr. Smith "*did know* that the docket sheet in this case differed from those in other cases;" what he actually said is that he did *not* know, meaning he did not believe, that they differed, as reported here. Counsel regrets the typographical error.

ARGUMENT

As is clear from the background provided above, neither Lost Tree nor its undersigned counsel have any basis for questioning the statements from the government that it was never served with the complaint. And we do not here question those statements.

The basis for this motion is that the burden of what appears to have been an oversight by the Clerk's office – or what may better be termed the lack of any concrete information about service of the complaint in this action – should not fall entirely on Lost Tree. The premise of this motion, which seeks an Order directing a response to the complaint 30 days hence versus the 60 days (from some unknown date) that the government evidently intends to take, is that the parties should split that burden equally.

In truth, for the government to respond in 30 days is no burden at all. The 5-page complaint alleges, in only 26 numbered paragraphs, a straightforward taking arising from the denial by the U.S. Army Corps of Engineers of a wetlands fill permit under section 404 of the Clean Water Act and related regulations. The government should have no difficulty whatsoever investigating and responding to those relatively brief factual allegations in 30 days. And Mr. Smith and his colleagues, who have vast experience with cases of this type, also can quickly determine whether they believe the complaint fails to state a legal claim, and if so, they can readily prepare an appropriate motion within 30 days – or less.

In sum, it is simply not fair to impose entirely on Lost Tree the burden of what we can call, for convenience and in the absence of contrary evidence, a Clerk's office mistake.

More fundamentally, in the circumstances here present, unless the Court sets a deadline for the government's response to the complaint, the timing of such response is

largely – if not entirely – within the government's control. It remains unclear when service of Lost Tree's complaint actually will be effected, and until that occurs, there simply is no deadline for the government to respond to the complaint. The Court, for this additional reason, should impose the reasonable deadline of 30 days from today.

Finally, expedited consideration of this motion is appropriate so that the relief Lost Tree requests can reasonably be granted and, if granted, will be effective. If the government takes the full 14 days to respond that is provided by Rule 7.1(a), and thus files its response on May 26, the Court, even if it were to immediately address this motion and the response (and any reply by Lost Tree, which we will file very promptly), may at that point be hesitant to direct the government to respond to the complaint by June 11 – only two weeks after the May 26 date for the government's response. Lost Tree therefore requests that the Court direct the government to respond to this motion in seven days, or by May 21, and respectfully requests the Court to give this motion expedited consideration promptly after the government files its response. Requiring a government response by May 21 and thus facilitating expedited consideration by the Court, together with the notice this motion gives to the government that the Court potentially may order a response to the complaint by June 11, should alleviate any hesitance the Court may have to provide such relief.

## CONCLUSION

For these reasons, the Court should enter directing the government to respond to this motion by May 21, and, upon addressing this motion as well as any government response and reply by Lost Tree, enter a further Order directing the government to respond to the complaint by June 11.

Finally, because Mr. Smith informed the undersigned today that no government attorney has yet been assigned to this case, it appears there is no "case participant" from

the government upon whom electronic service of this motion may be made pursuant to paragraph 12 of Appendix E to this Court's Rules. According, in addition to whatever service the Clerk and/or the ECF system may attempt electronically, Lost Tree is serving this motion pursuant to Rule 5 by email and regular mail as shown by the attached certificate of service, and Lost Tree respectfully requests that the Court approve such service as effective.

Respectfully submitted,

Dated: May 12, 2008

/s/

Jerry Stouck
Greenberg Traurig, LLP
2101 L Street, N.W.
Suite 1000
Washington, DC 20037
(202) 331-3173 phone
(202) 261-4751 facsimile

Counsel of Record for
Plaintiff Lost Tree Village Corporation

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May, 2008, I caused to be sent by email (only to Mr. Smith and Ms. Cook) and to be placed in the United States mail (postage prepaid, first-class mail) a copy of the accompanying "Motion" addressed as follows:

Marc Smith, marc.smith@usdoj.gov
Susan Cook, susan.cook@usdoj.gov
John Gette
U.S. Department of Justice
Environmental & Natural Resources Division
601 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

/s/
Jerry Stouck