IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOST TREE VILLAGE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 08-117L |
| v. | ) | Honorable Charles F. Lettow |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CORRECTED MOTION
TO REQUIRE EXPEDITED RESPONSE TO COMPLAINT

Defendant, United States of America, opposes plaintiff's motion to require defendant to expedite its response to plaintiff's complaint. As explained below, plaintiff's motion provides no justification for requiring the United States to file its response to plaintiff's complaint with less time than is contemplated by the Rules of this Court. Nor does plaintiff identify any act by the United States that would warrant requiring it to comply with an expedited schedule. Further, plaintiff identifies no prejudice that it would suffer by allowing the United States the standard time for response. For all of these reasons, plaintiff's motion should be denied.

Background

On February 29, 2008, plaintiff filed its complaint in the above-captioned case. Service of complaints filed in this Court are "made through the delivery by the clerk to the Attorney General, or to an agent designated by authority of the Attorney General." RCFC 4(a). However, the complaint in this case was not received by the Department of Justice in a timely manner.[1/]

[1/]It is the undersigned counsel's understanding that, upon receipt of newly-filed complaints, the Office of the Clerk determines which division within the Department of Justice – Civil, Tax, or Environment and Natural Resources ("ENRD") – should properly be served. Depending on the appropriate division, the docket number for each case receives a single letter suffix: "C" for
(continued...)

Pursuant to the RCFC 12(a)(1), which states that "[t]he United States shall file its answer to the complaint within 60 days after service of the pleading in which the claim is asserted," the Clerk's office designated the answer as being due May 1, 2008. See CM/ECF Docket Report Entry No. 1.

The Department of Justice first became aware of the instant action late in the afternoon of May 7, 2008, when Susan V. Cook, a senior attorney within NRS, received a telephone call from plaintiff's attorney of record.[2/] At 5:55 p.m. that day Plaintiff's attorney sent by electronic mail to Ms. Cook a copy of the Notice of Electronic Filing of the complaint.

Ms. Cook then immediately began an investigation within the Department of Justice to determine whether the complaint had ever been received. Inquiries were made to the ENRD Office of Administrative Services, which supervises the mail room and the division's courier service. That office in turn made inquires to both the courier service – including questioning of the individual couriers who made pick-ups at the Court that day – and the ENRD mail room.

---

[1/](...continued)
Civil, "T" for Tax, or "L" for ENRD (formerly the Lands Division). The instant action was properly docketed by the Clerk with an "L" suffix. Each of the three divisions have distinct courier services that make several pick-ups at the Court throughout the day and hand-deliver any Court-filed documents to the mail room of the appropriate division. No log is kept either by the Clerk's office or by the Department of Justice couriers of documents being picked up at the Court. However, upon receipt of any Court of Federal Claims document at ENRD, the document is logged in by the Natural Resources Section's ("NRS") "dockets" office. All new complaints also are at that time assigned a unique coding number (referred to as a "DJ number"). The NRS dockets office has no record of receiving the complaint or any other document in the instant action prior to May 7, 2008.

[2/]The undersigned counsel was on annual leave between May 5 and May 9, 2008, and, as plaintiff's counsel's motion correctly states, the undersigned counsel's voicemail directed urgent matters to Ms. Cook between May 5 and May 7 and to James Gette between May 8 and May 9. Plaintiff's motion does not indicate why plaintiff's counsel waited until six days after a response was due to begin making inquiries at the Department of Justice.

Within NRS, an inquiry was made to the Supervisory Administrative Specialist, who supervises the NRS dockets office and all NRS support staff. The Supervisory Administrative Specialist in turn made inquiries to the NRS Staff Assistant, the NRS dockets office and to other relevant support personnel. No one had any recollection or record of receiving the above-captioned complaint from the Court.

Ms. Cook also contacted the undersigned by electronic mail at 6:16 p.m. on May 7, 2008, to inquire as to whether the undersigned had any knowledge of the complaint.[3/] At 8:04 p.m. that same day, the undersigned confirmed that he was unaware of the matter.[4/]

The undersigned returned to his office on May 12, 2008 and promptly confirmed that all appropriate inquiries were made and that the Department of Justice had not received the complaint. The undersigned then informed the Office of the Clerk that the Department of Justice had not received the complaint. That same day the Office of the Clerk made the following two entries on the docket sheet for the above-captioned case:

| | |
|---|---|
| 05/12/2008 | Due to the Department of Justice not receiving copies of the complaint, 5 copies have been re-served on the Environment and Natural Resources Division. The answer due date has been adjusted accordingly. (dls) (Entered: 05/12/2008) |
| 05/12/2008 | Reset Deadline: Answer to [docket number 1] complaint due by 7/11/2008. (dls) (Entered: 05/12/2008) |

---

[3/]The undersigned serves as an Assistant Chief for NRS, with primary responsibility for management of that office's Fifth Amendment takings docket. In that capacity, the undersigned receives copies of all complaints served on ENRD that assert a Fifth Amendment takings claim, and then assigns the case to an NRS trial attorney.

[4/]In addition, inquiries were made to the National Courts section of the Civil Division's Commercial Litigation Branch, on the off chance that the complaint had been misdirected to that office. However, that office has no record of receiving the complaint, either.

Also on May 12, the undersigned spoke with counsel for plaintiff and informed him that a thorough investigation had been conducted within the Department of Justice and that there was no record of receiving the complaint. Plaintiff's counsel then suggested that the United States should respond to the complaint in an expeditious manner. The undersigned responded that he had read the complaint only a few hours earlier; that the complaint had not yet been formally docketed within NRS and had not yet been assigned to a trial attorney; and that the client agency, the United States Army Corps of Engineers, had only just learned of the newly-filed complaint. Thus, it was not possible at that time to determine how long a response to the complaint would take. However, the undersigned explained to plaintiff's counsel that the rules of this Court allow the United States 60 days for responses to complaints. See RCFC 12(a)(1) ("The United States shall file its answer to the complaint within 60 days after service of the pleading in which the claim is asserted."). For that reason, the undersigned indicated that the United States would be asking the Court for its full 60 days from actual service in which to file its response.[5/]

Later that same day, plaintiff filed a motion to require an expedited response to its complaint.[6/] That motion concedes that neither plaintiff nor its counsel "have any basis for questioning the statements from the government that it was never served with the complaint." Pl.'s Corrected Mot. p. 4 (filed May 12, 2008).[7/] Plaintiff, however, asks the Court to "direct a

---

[5/]Ultimately, it was unnecessary for the United States to make such a request of the Court, as the Clerk's office completed service of the complaint on May 12 and "[r]eset [the] deadline " for response to July 11, 2008.

[6/]Plaintiff's motion contained certain errors and misstatements that were subsequently corrected or clarified by plaintiff in a "corrected motion" filed later that day.

[7/]To be clear, defendant is not suggesting that an error was caused by the Office of the Clerk.
(continued...)

response to the complaint 30 days hence...." Id. For the reasons explained herein, plaintiff's motion should be denied.

Argument

Plaintiff's complaint alleges that a Fifth Amendment taking "occurred on August 9, 2004." Compl. ¶ 2. Thus, plaintiff took approximately three and one-half years from the date its claim allegedly accrued to prepare its complaint – which plaintiff certainly had the right to do.[8/] However, plaintiff now seeks to preclude the United States from having even the standard 60 days in which to respond.

As noted supra, the rules of this Court expressly provide the United States 60 days in which to respond to a complaint. RCFC 12(a)(1). This is the same amount of time accorded the United States for responses to complaints filed in the United States district courts. See Fed. R. Civ. P. 12(a)(2) ("The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaims, or crossclaim within 60 days after service on the United States attorney."). See also Fed. R. Civ. P. 12(a)(3) (allowing United States officers and employees sued in their individual capacity 60

---

[7/](...continued)
Indeed, like plaintiff, defendant is unable to determine at what stage the service of the complaint failed. As a result of this event, however, defendant has been in communication with the Office of the Clerk to develop safeguards that hopefully will preclude failure of service of complaints in the future. First, the Office of the Clerk has agreed to provide email notification to the NRS dockets office at the time a new complaint is filed. Second, the ENRD mail room is in the process of implementing a logging system that will note every document that arrives from a Court.

[8/]Defendant does not concede that plaintiff's cause of action accrued on August 9, 2004, or that plaintiff's complaint states a claim upon which relief may be granted.

days to answer). Neither the rules of this Court nor the Federal Rules of Civil Procedure contemplate a shortening of this time period. Nor does plaintiff provide any justification for having the Court do so in this instance. Plaintiff simply suggests, without explanation, that it would be "burdened" by allowing the United States its full 60 days for responding to plaintiff's complaint. Plaintiff fails to identify any specific additional burden, and defendant is unable to identify any possible added burden that plaintiff would have to shoulder as a result of allowing the United States the time that it needs to file its response.

Indeed, rather than explain what "burden" it seeks to avoid, plaintiff attempts to show that shortening the deadline would not present an added burden to the United States. This, of course, is not the applicable inquiry and, in any event, plaintiff is not in a position to gauge the degree of burden on the United States. As noted above, the rules of this Court allow the United States 60 days to file its response; the rules do not require the United States to make a showing that it is unable to file its response in less than 60 days.

Further, plaintiff understates the United States' task by noting that its complaint is "only 26 numbered paragraphs." As this Court is well aware, the relative complexity of a case does not turn on the length of the complaint that plaintiff's counsel chooses to write. The United States must carefully evaluate the complaint to determine whether any defenses exist, and then decide whether the complaint should be answered or responded to by dispositive motion. The United States also evaluates each case for purposes of determining whether pursuit of settlement is warranted.

Finally, unlike plaintiff's counsel who has had months, if not years, in which to review the relevant record and develop his case, counsel for the United States has no prior knowledge of

this matter, and must adequately review the record in order to provide as complete and helpful a response to the Court as possible. In cases such as this, where plaintiff has allowed several years to expire prior to filing its complaint, review of the record is compounded by the fact that documents must be located and recalled from archives.

Plaintiff does not, and cannot, show any added burden or prejudice by allowing the United States the standard amount of time granted by the rules. At most, plaintiff could only argue that the government's response to its complaint will occur later than it had initially expected. This de minimus delay, especially when it does not require alteration of any existing deadlines and is not caused by any improper action of the United States, does not warrant granting plaintiff the relief that it seeks.

## Conclusion

For the reasons stated above, plaintiff's motion should be denied.

Dated: May 29, 2008

Respectfully submitted,

/s/ Marc A. Smith
Marc A. Smith
Assistant Chief
Natural Resources Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 663
Washington, DC 20044-0663
Telephone: (202) 305-0244
Fax: (202) 305-0506

Email: marc.smith@usdoj.gov