IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOST TREE VILLAGE CORP., | ) | |
| Plaintiff, | ) | No. 08-117 L |
| v. | ) | Honorable Charles F. Lettow |
| THE UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 7(a) of the Rules of the United States Court of Federal Claims, Defendant, the United States of America, answers the allegations in the numbered paragraphs of Plaintiff's Complaint ("Complaint") as follows:

**NATURE OF THIS ACTION**

1. The allegations contained in paragraph 1 contain Plaintiff's characterization of their case and conclusions of law, to which no response is required. To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation that Plaintiff owns "real property known as John's Island Plat 57 (the "Property"); denies any remaining the allegations in this paragraph; and specifically denies that Plaintiff's property has been taken without just compensation.

2. Defendant denies the implication in paragraph 2 that Plaintiff's property has been taken without just compensation. Defendant admits only that on August 9, 2004 the United States Army Corps of Engineers (the "Corps of Engineers") denied Plaintiff's application (application No. 2002-06731) to discharge dredged or fill material into waters of the United

States pursuant to Section 404 of the Clean Water Act. Any other allegations contained in paragraph 2, which are not expressly admitted, are denied.

3. Defendant denies the allegations contained in paragraph 3 and specifically denies that there has been a taking of property owned by the Plaintiff.

**PARTIES**

4. Defendant admits the allegations contained in paragraph 4.

5. Defendant admits only that it is a sovereign nation. Defendant denies any implication that it has failed to abide by the terms of the United States Constitution. Any other allegations contained in paragraph 5, which are not expressly admitted, are denied.

6. Defendant admits only that the Corps of Engineers is an agency of the United States. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 6 and, on that basis, denies those allegations.

**FACTS**

7. Defendant denies the allegations contained in paragraph 7. Upon information and belief, Defendant avers that the property is 4.99 acres, 3.12 acres of which are wetlands, 1.41 acres of which are submerged land, and .46 acres of which are spoil mounds, which are scattered throughout the property.

8. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 8 and, on that basis, denies those allegations.

9. To the extent that the allegations contained in paragraph 9 assert that the “Property” identified in the Complaint is not part of some larger parcel, Defendant denies the allegations contained in paragraph 9. Upon information and belief, Defendant avers that the

Property is part of a larger parcel owned by Plaintiff, much, if not all, of which has been previously developed. To the extent that the allegations in paragraph 9 assert something to which Defendant has not otherwise responded, Defendant is unable to respond to those allegations because they are vague and ambiguous, and, on that basis, denies those allegations.

10. Defendant admits only that Plaintiff had no reasonable investment-backed (i.e. economic) expectations in the Property at any time. To the extent that the allegations contained in paragraph 10 assert that the Property is not part of some larger parcel for purposes of establishing reasonable investment-backed expectations, Defendant denies those allegations. Upon information and belief, Defendant avers that the Property is part of a larger parcel owned by Plaintiff, much, if not all, of which has been previously developed and which has produced substantial economic value for Plaintiff. To the extent that the allegations in paragraph 10 assert something to which Defendant has not otherwise responded, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

11. Defendant admits only that Plaintiff had no reasonable investment-backed expectations (i.e. development plans) in the Property at any time. To the extent that the allegations contained in paragraph 10 assert that the Property is not part of some larger parcel for purposes of establishing reasonable investment-backed expectations, Defendant denies those allegations. Upon information and belief, Defendant avers that the Property is part of a larger parcel owned by Plaintiff, much, if not all, of which has been previously developed and which has produced substantial economic value for Plaintiff. To the extent that the allegations in paragraph 11 assert something to which Defendant has not otherwise responded, Defendant lacks sufficient knowledge or information to form a belief as to the truth of those allegations.

12. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 12 and, on that basis, denies those allegations.

13. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 13 and, on that basis, denies those allegations.

14. Defendant admits that in order to develop the Property – in a manner that required a discharge of dredged or fill material into waters of the United States – Plaintiff required a permit pursuant to Section 404 of the Clean Water Act from the Corps of Engineers. To the extent that the allegations in paragraph 14 assert something to which Defendant has not otherwise responded, Defendant is unable to respond to those allegations because they are vague and ambiguous.

15. Defendant admits that the Corps of Engineers received a Clean Water Act Section 404 permit application from Plaintiff on August 23, 2002.

16. Defendant admits that as of August 9, 2004 Plaintiff had not obtained a permit to discharge dredged or fill material into waters of the United States pursuant to Section 404 of the Clean Water Act. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 16 and, on that basis, denies those allegations.

17. Defendant admits the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies that the denial of Plaintiff's application to discharge dredged or fill material into waters of the United States pursuant to Section 404 of the Clean Water Act impacted the fair market value of the Property. To the extent that the allegations in paragraph 19 assert something to which Defendant has not otherwise responded, Defendant lacks sufficient

knowledge or information to form a belief as to the truth of those allegations and, on that basis, denies those allegations.

20. Defendant denies the implication in paragraph 20 that Plaintiff is entitled to receive "compensation."

**COUNT I: Categorical, or "per se" taking**

21. Defendant hereby restates and incorporates its responses to each and every paragraph above.

22. The allegations in paragraph 22 are legal conclusions, to which no response is required. To the extent that a response is required, Defendant specifically denies that there has been a taking of property owned by Plaintiff and denies all other allegations in paragraph 22.

23. The allegations in paragraph 23 are legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 23.

**COUNT II: Non-categorical taking**

24. Defendant hereby restates and incorporates its responses to each and every paragraph above.

25. The allegations in paragraph 25 are legal conclusions, to which no response is required. To the extent that a response is required, Defendant specifically denies that there has been a taking of property owned by Plaintiff and denies all other allegations in paragraph 25.

26. The allegations in paragraph 26 are legal conclusions, to which no response is required. To the extent that a response is required, Defendant denies the allegations in paragraph 26.

**PRAYER FOR RELIEF**

The remaining paragraphs state Plaintiff's prayer for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

All of the allegations in Plaintiff's Complaint which have not been specifically admitted, denied or otherwise answered are hereby denied.

**DEFENDANT'S AFFIRMATIVE DEFENSE**

1. Plaintiff fails to state a claim for which relief may be granted.

WHEREFORE, Defendant denies that Plaintiff is entitled to the relief prayed for, or any relief whatsoever, and requests that this action be dismissed with prejudice, that judgment be entered for Defendant, and that Defendant be allowed its costs and such other and further relief as the Court may allow.

July 11, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

*/s/ James D. Gette*

JAMES D. GETTE
Natural Resources Section
Environment & Natural Resources Division
Department of Justice
P.O. Box 663
Washington, DC 20044-0663
Tel: 202-305-1461
Fax: 202-305-0267
Email: james.gette@usdoj.gov

Of Counsel:

John F. Kasbar
Assistant District Counsel
U.S. Army Corps of Engineers
701 San Marco Boulevard
Jacksonville, FL 32207