IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| LOST TREE VILLAGE CORPORATION, | ) | |
| Plaintiff, | ) | No. 08-117c |
| v. | ) | (Judge Lettow) |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| | ) | Filed electronically: September 2, 2008 |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Appendix A to the Rules of the United States Court of Federal Claims ("RCFC"), Plaintiff Lost Tree Village Corp. ("Lost Tree") and the United States ("Defendant") respectfully submit this Joint Preliminary Status Report. The early meeting of counsel was held by telephone on August 25, 2008 and was attended by:

- Jerry Stouck and Maggie Sklar of Greenberg Traurig, LLP for Lost Tree; and
- James D. Gette of the United States Department of Justice and John Kasbar of the United States Army Corps of Engineers for the Defendant.

**(a) Does the Court have jurisdiction over the action?**

The parties agree that the Tucker Act, 28 U.S.C. § 1491, confers jurisdiction on this Court to adjudicate Fifth Amendment just compensation claims.

**(b) Should the case be consolidated with any other case and, if so, why?**

No.

**(c) Should trial of liability and damages be bifurcated and the reasons therefore?**

No.

**(d) Should further proceedings in this case be deferred pending consideration of another case before this court or any other tribunal and the reasons therefore? Is there any basis for transferring or remanding the case to another tribunal?**

No.

**(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?**

No.

**(f) Will additional parties be joined and, if so, a statement describing such parties, their relationship to the case, and the efforts to effect joinder and the schedule proposed to effect joinder?**

The parties do not believe that additional parties will be joined.

**(g) Does either party intend to file a motion pursuant to RCFC 12(b) or 56 and, if so, a schedule for the intended filing?**

**Lost Tree's Position**

At this time, Plaintiff Lost Tree may file a Motion for Summary Judgment pursuant to RCFC 56 during or at the close of discovery.

**Defendant's Position**

The parties agree that they may seek to file Motions for Summary Judgment pursuant to RCFC 56. Defendant believes that such motions should be filed either at the close of fact discovery or at the close of all discovery.

**(h) What are the relevant factual and legal issues?**

**Lost Tree's Position**

The material issues of fact and law in this case are the following:

1. Whether the August 9, 2004 denial of Lost Tree's Section 404 of the Clean Water Act wetlands fill permit application was a taking that eliminated all economically viable use of the property known as "Plat 57" and mentioned in the Complaint.

2. Whether, and if so how, a "parcel as a whole" analysis bears on the takings question.

3. Assuming there is a taking, what are the just compensation, interest, and attorneys fees and costs due to Lost Tree.

**Defendant's Position**

The relevant factual and legal issues in this matter are:

1. Whether Lost Tree is the owner of the real property at issue in this litigation.

2. Whether the denial of Lost Tree's application to place fill in wetlands pursuant to Section 404 of the Clean Water Act constituted a regulatory taking of property without just compensation.

3. If so, what are the just compensation, interest, and attorneys' fees and costs due to Lost Tree.

**(i) What is the likelihood of settlement? Is alternative dispute resolution contemplated?**

The parties have had preliminary discussions concerning whether settlement of this case might be possible, in which both parties expressed an interest in the possibility of settlement, if possible. The parties further agreed, however, that settlement is unlikely in this case until the United States has a further opportunity to analyze the issues in this case and complete, at least, initial discovery.

**(j) Do the parties anticipate proceeding to trial? Does any party, or do the parties jointly, request expedited trial scheduling and, if so, the reasons why the case is appropriate therefore?**

Neither party requests expedited trial scheduling.

**Lost Tree's Position on Trial**

Unless the case is resolved by motion or settlement, Plaintiff Lost Tree anticipates proceeding to trial. Plaintiff Lost Tree proposes that trial, if necessary, be held no later than Fall 2009, subject to the Court's availability. Lost Tree would prefer that the trial take place in Washington, D.C., where attorneys for both parties have their office and records.

**Defendant's Position on Trial**

Defendant believes that the case will likely be resolved by dispositive motions. Should the matter not be resolved by dispositive motions, then defendant would anticipate proceeding to trial. Defendant believes that the date for trial should be addressed after the resolution of any dispositive motions. Defendant would prefer that the trial take place in Vero Beach, Florida or another convenient central east coast Florida town, where the property and the likely witnesses are located.

**The Parties' Position on the Discovery Schedule**

The parties agree on the following:

(i) Dates for joinder of additional parties: The parties do not believe that additional parties will be joined.

(ii) Discovery Plan:

| Event | Date |
|---|---|
| Commencement of Discovery; RCFC 26(a)(1) Initial Disclosures | September 16, 2008 |
| Complete Fact Discovery | March 16, 2009 |

| | |
|---|---|
| Plaintiff's Expert Report(s) | May 19, 2009 |
| Defendant's Expert Report(s) | June 19, 2009 |
| Rebuttal Expert Report(s) | July 20, 2009 |
| Complete Expert Discovery | August 20, 2009 |

**(k) Are there any special issues regarding electronic case management needs?**

There are no special issues regarding electronic case management needs.

**(l) Is there other information of which the court should be aware at this time?**

No.

Dated: September 2, 2008

Respectfully submitted,

s/ Jerry Stouck
JERRY STOUCK (counsel of record)
MAGGIE SKLAR
Greenberg Traurig, LLP
2101 L Street, N.W.
Suite 1000
Washington, D.C. 20037
(202) 331-3173 (Telephone)
(202) 261-4751 (Facsimile)
*Counsel for Plaintiff*
LOST TREE VILLAGE CORPORATION

RONALD J. TENPAS
Assistant Attorney General
Environment & Natural Resources Division

s/ James D. Gette by s/ Jerry Stouck
JAMES D. GETTE
Natural Resources Section
Environment & Natural Resources Division
U. S. Department of Justice
P.O. Box 663
Washington, DC 20044
(202) 305-1461 (Telephone)
(202) 305-0267 (Facsimile)
*Counsel for Defendant*
UNITED STATES OF AMERICA

*WDC 371,675,969v1 9-2-08*